### SARAH E. KITCHELL et al.

*v.*

### WILLIAM D. YOUNG et al.

1. Personal estate is the primary fund out of which legacies are payable. The real estate is not charged with the payment of legacies, unless the testator intended it should be, and that intention must be expressly declared, or fairly and satisfactorily inferred from the language of the will.

2. Where legacies are charged generally upon real estate, and there are specific devises, the legacies will not be held to be charged upon the lands so specifically devised.

On bill, answer and proofs.

*Mr. John B. Vreeland,* for the complainants.

*Mr. Willard W. Cutler,* for the defendants.

GREEN, V. C.

Ephraim Young, late of Hanover, in the county of Morris, died seized of real estate consisting of a homestead farm, and several tracts not contiguous thereto. By his will, he gave to his wife the use of all his property, real and personal, during her natural life or widowhood, empowering her to distribute any of his household goods and furniture to his two daughters.

The second item of his will is as follows:

"I give and bequeath unto my two daughters, two thousand five hundred dollars each, to be paid to them by my executors out of my personal property, if sufficient by fair appraisal; if it is not, the residue to be made out of my real estate, by a sale of a part of my detached lands from my homestead farm, sufficient to make the full sum of two thousand five hundred dollars to each of my two daughters, Sarah Elizabeth and Julia Louisa, share and share alike."

He devised to his son William one moiety of his homestead farm, also an undivided half interest in a mill property, and a wood lot.

To his son David, the other moiety of his homestead farm, and a wood lot.

To his two sons, William and David, a tract called the "pasture lot," of thirty-six acres, in equal shares, to use as tenants in common, or divide, as they might agree.

The eleventh item is as follows:

"If my personal property should prove insufficient to pay my just debts, funeral charges, and make the amount bequeathed to my two daughters, it is hereby left optional with my two sons to sell so much of the pasture lot as is necessary to make up the deficiency, or keep the land and raise the money themselves, share and share alike."

Some articles of furniture are specifically bequeathed.

By his codicil, the devises to William are changed to a life estate, with remainder to his children, who are made parties defendant.

The personal estate was appraised at $3,342.92.

The widow died October 24th, 1887.

On the settlement of the estate, the balance in the hands of the executors was $1,813.66, one-half of which, $906.83, was paid to each daughter on account of her legacy, leaving $1,593.17 due to each complainant.

The bill seeks to have the balance of the legacies declared a lien upon all the real estate devised by the testator, and that the said lands be sold and the proceeds applied to the payment thereof.

David mortgaged the lands devised to him, and some of the defendants in the suit claim interests based on a foreclosure and sale under the said mortgage.

Personal estate is the primary fund out of which legacies are payable. The real estate is not charged with the payment of legacies, unless the testator intended it should be, and that intention must either be expressly declared, or fairly and satisfactorily inferred from the language of the will. *Leigh* v. *Savidge, 1 McCart. 125.*

There can be no question but that the testator meant to charge any deficiency in the payment of the complainants' legacies, arising from want of personal property, upon the pasture lot. If the clause giving the legacies to complainants stood alone, it would seem clear that he intended that such a deficiency was to be made good by a sale of so much of all his lands, detached from his homestead farm, as might be necessary to make such sum. His directions to his executors, that the amount of the legacies remaining unprovided for by the personal estate is to be made out of the real estate, by a sale of so much of the detached lands as may be necessary for that purpose, is clear and explicit, and the only question is, does the later provision, with reference to the pasture lot, indicate that such charge and direction was limited to that lot.

There is no such inconsistency in the two provisions that they may not both be operative and effective. The pasture lot was the only parcel of his real estate which he had left to his sons jointly—all the rest he had given to them in severalty. If his

Kitchell v. Young.

personal property was insufficient to pay his debts, funeral expenses and the complainants' legacies, he gave the sons the option to sell so much of the pasture lot as might be necessary to make up the deficiency, or keep the land and raise the money themselves, share and share alike.

He certainly intended that his sons should contribute equally, from parts of their devises, towards making good any deficiency in the complainants' legacies; if they were willing to raise the money between them, well and good; if not, and a sale was to be resorted to, such equality of contribution could be best attained by a sale of the pasture lot left to them in equal shares as tenants in common. But if a sale of the pasture lot failed to produce enough to pay the balance of the legacies, the other detached lands were still to be sold to make up the deficiency. This is only a direction as to the order in which the property was to be resorted to to raise the amount, if a sale was necessary.

The complainants claim, that it was the intention of the testator, not only to charge the payment of these legacies on the detached lands, but also upon all the real estate of which he died seized. There is no pretence that there is any express declaration to that effect, but it is argued that such intention is to be fairly inferred from the language and dispositions of the will. The lands sought to be thus charged are embraced in the homestead farm, which was divided and specifically devised to the sons. Where legacies are charged generally upon real estate, and there are specific devises, the legacies will not be held to be charged upon the lands so specifically devised. *Leigh* v. *Savidge, 1 McCart. 125 ; Spong* v. *Spong, 1 Dow. & C. 365 ; Conron* v. *Conron, 7 H. L. Cas. 168.* But we have here not only no such general charge on all the real estate, but an express limitation of the lands charged. The construction contended for renders the designation of the detached lands, as those to be sold in case of a deficiency of personal estate to pay the legacies, entirely meaningless. He has designated them as the ones to be resorted to in that emergency, and, by this, has clearly indicated that he did not intend to charge them upon the homestead farm. *Expressio unius est exclusio alterius.*

. Such construction also assumes an intention on the part of the testator, that the complainants' legacies are to be paid to the utmost ability of his estate, regardless of all other dispositions of it.    That he had no such intention, is indicated in the clause of his will in which he declares—

" In distributing my property to my children, my intention is to make it as near equal between them as possible, as I conceive their present situation to be, and their future wants are likely to require.    Not that I mean to say that my daughters are made equal with my sons in dollars and cents, but equal in their prospective wants, and this difference in the valuation of the shares is made by no other motive and not by favoritism ; my children are all equal in my esteem."

This clause, evidently in the testator's own language, while somewhat confused in statement, is clear in the idea that, while the shares of the daughters are not equal in money with those of the sons, he means to provide for each of his children with refer- ·ence to what, in his opinion, will be the future wants of each.

The construction contended for could only be supported by an intention that the daughters were each to be paid her legacy even if it took all the property left to the sons, which is repugnant to his declaration to provide for each.

I will advise a decree that the complainants' legacies are, under the will, a charge upon the lands detached from the homestead farm, and not upon the homestead farm, and that so much of said detached lands as may be necessary to pay to each of the complainants the balance due upon her legacy, should be sold.

The balance due each complainant, after the payment of the amount in hand on the final settlement, is $1,593.17.    By the evidence taken before me, the largest valuation of all the detached lands was $1,640, so that a sale of all will, in all probability, be necessary.